IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-HC-2085-BR

FILED
OCT 22 2020
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

UNITED STATES OF AMERICA,

    Petitioner,

v.

DUANE L. BERRY, In his Official Capacity as Federal Trustee of the federal Reserve Bank System Accounting TR., ND "Fiduciary President" of the Federal Reserve Bank of New York (Successor Office),

    Respondent.

---

## 'RESPONDENT's MOTION FOR STAY'

---

Now comes the 'Respondent' in his 'Motion' for Stay' pursuant to Fed.R.App.P. 8(a)(1) as "A party must ordinarily move first in the district court for...a stay of the judgment or order of a district court pending appeal."

Whereas, this action is currently under appeal in the 4th Circuit Court of Appeals [Case No. 20-7409] and pursuant to the aforementioned rule, the Respondent is sseeking the court to stay the ORDER as filed on 5/21/20, Document 1-2, for the following reasons:

(1) First, the ORDER states "At the request of the Warden...the United States has filed a motion requsting a hearing pursuant to 18 USC § 4246...". However, the 'Certificate' filed on 5/21/20, Document 1-1 is fraudulent. (See Notice of Fraud, dkt#8) (See Criminal Complaint of Warden T. Scarantino, as filed on the case and currently under criminal investigation by the (FBI) for prosecution of Warden T. Scarantino)

(2) Secondly, the ORDER erroneously states, "The Court further determines that Respondent is unable to pay the fees of any witness...". The Respondent is not in forma pauperis, but appears in his Official Capacity by automatic substitution pursuant to Fed.R.Civ.P. 25(d), requiring the General Dockets amendment of the 'Case Type Information' to now reflect that of the U.S. Government on behalf of the Respondent and also the correction of Respondent's 'Fee Status'.[See Motion to Correct the Record as filed in this action and appeal]

> "The real party in interest in an official capacity suit is the governmental entity not the individual officeholder."[See Karcher v May,484 U.S. 72,78,83 108 S.Ct. 388,98 L. Ed. 2d 327(1987);See also KIng v. McMillan,594 F.3d 301,309-310 (4th Cir. 2010)]

(3) Lastly, the ORDER erroneously states," ...and pursuant to Federal Rule of Criminal Procedure 17(b), the Clerk shall issue a subpoena for any witness necessary to present adequate defense to the pending charge or charges.". This is NOT a criminal proceeding but a civil action. This fact is abundantly clear in the dockets case caption (No. 5:20-HC-2085-BR), making a distinct refferrence to(HC), Habeas Corpus. And also in the fact that counsel for the governemnt is Genna D. Petre, N.C. Bar#49466, appointed to the Civil Division.

Furthermore, Respondents criminal charge was dismissed on 12/17/19 in the Eastern District of Michigan. 18 USC § 4246 are CIVIL commitment proceedings. [See US v. BERRY,#15-20743, E.D. of MI, dkt#207, 12/17/19]

For all these reasons the court should recall and stay its ORDER as it would add to the benefit of sparring the appeal Court for another round of unnecessary proceedings as it is a reasonable probability that they will stay the ORDER in light of the irrefutable evidence herein.

Respectfully Submitted,
on behalf of
DATED: 10/6/20
FEDERAL RESERVE BANK of NEW YORK
(Respondent)

2-6