IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-HC-2085-M

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Petitioner, ) | |
| v. ) | ORDER |
| DUANE LETROY BERRY, ) Reg. No. 62250-019, ) | |
|     Respondent. ) | |

This matter comes before the court on several pro se motions filed by Respondent in this action [DE 87; DE 127; DE 153; DE 154; DE 160]. First, Respondent filed a motion for substitution of counsel, based on an alleged conflict of interest in the Office of the Federal Public Defender due to their "unlawful retention of SEIZED FEDERAL SECURITIES containing sensitive CLASSIFIED documents under arrest by the U.S. Marshals." DE 127 at 1 (all-caps typeset in original). The court finds that Respondent's allegations are without factual basis and do not support the existence of a conflict of interest. Respondent's motion for substitution of counsel is therefore DENIED.

Next, Respondent filed a "Notice of Plaintiff's Voluntary Dismissal" pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. *See* DE 87 at 1. The Notice bears the purported signature of Attorney General Merrick B. Garland. *See id.* The United States did not respond to the Notice, and the court issued no ruling on it. At the April 2, 2024, prehearing conference in this matter, and again at the April 16 commitment hearing, Respondent argued that his Notice of Dismissal operates as "law of the case," and divests this court of subject-matter jurisdiction.

Respondent is mistaken. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009). The doctrine "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). As the Fourth Circuit has made clear, for the law of the case doctrine to have applicability, the district court must have decided some legal issue. This court has made no decision on Respondent's Notice of Voluntary Dismissal, so there is no law of the case on the issue.

On the merits, Respondent's Notice of Voluntary Dismissal is without legal effect. Rule 41(a) of the Federal Rules of Civil Procedure permits a "plaintiff" to "dismiss an action without a court order by filing [] a notice of dismissal" within certain time constraints. Fed. R. Civ. P. 41(a)(1)(A)(i). Mr. Berry is the Respondent in this civil action. He is not the plaintiff, and cannot employ Rule 41 to his benefit.

Lastly, Respondent's conclusion about the interplay between law of the case and subject matter jurisdiction is misguided. Law of the case "simply expresses common judicial practice; it does not limit the courts' power." *Castro v. United States*, 540 U.S. 375, 384 (2003) (internal quotation marks omitted). "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). And a court "should readily do so where . . . the initial decision was clearly erroneous." *Spencer v. Earley*, 278 F. App'x 254, 262 (4th Cir. 2008). To the extent Respondent contends that law of the case applies to his Notice of Dismissal, that would require a clearly

2

erroneous interpretation and application of Rule 41.

Therefore, even if law of the case applied (and the court specifically finds that it does not), the court would revisit and correct the law of the case on this issue. Respondent has no authority to voluntarily dismiss this action, and his Notice of Voluntary Dismissal is ineffectual. The court further finds as a fact that Attorney General Garland did not sign the Notice "for and on behalf" of Respondent. *See* DE 87 at 1. In sum, Docket Entry 87 does not divest this court of subject-matter jurisdiction. Respondent's Notice, supplemented with Respondent's pro se oral argument and accordingly construed as a motion to dismiss based on lack of subject-matter jurisdiction, is DENIED.

Lastly, Respondent filed motions for document presentation assistance (DE 153), for a continuance of the prehearing conference and commitment hearing (DE 154), and to modify the commitment hearing (DE 160). The court DENIES these motions because a party represented by counsel "has no right to raise substantive issues" through pro se filings. *United States v. Washington*, 743 F.3d 938, 941 n.1 (4th Cir. 2014) (quoting *United States v. Cox*, 577 F.3d 833, 836 (7th Cir. 2009)). In the alternative, these motions are DENIED AS MOOT in light of Respondent's appearance and presentment of argument at his April 16 commitment hearing.

SO ORDERED this 18th day of April, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3